**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

CHRISTIN MICHELE WALKER,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Civil Action No. 18-17172 (MAS)

**MEMORANDUM OPINION**

## SHIPP, District Judge

This matter comes before the Court upon Plaintiff Christin Michele Walker's ("Plaintiff") appeal from the final decision of Andrew Saul,[1] Commissioner of the Social Security Administration ("Defendant" or "Commissioner"), denying Plaintiff's application for disability insurance benefits ("DIB") and social security income ("SSI"). (Compl., ECF No. 1.) The Court has jurisdiction to review this matter pursuant to 42 U.S.C. § 405(g) and reaches its decision without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court remands the matter for further analysis.

---

[1] Nancy A. Berryhill previously served as Acting Commissioner of the Social Security Administration. Andrew Saul became the Commissioner of the Social Security Administration on June 17, 2019.

# I. BACKGROUND

## A. Procedural History[2]

Plaintiff applied for DIB and SSI in October 2013, alleging disability based on high blood pressure, depression, cytomegalovirus, and injuries from an accident, with a disability onset date of May 22, 2012. (AR 295-313, 342.) Plaintiff's application was denied initially and upon reconsideration. (*Id.* at 107–08, 159–60.) The ALJ conducted an administrative hearing on July 12, 2017, following which the ALJ issued a decision finding that Plaintiff was not disabled. (*Id.* at 45–54.) The Appeals Council denied Plaintiff's request for review on September 14, 2018. (*Id.* at 31–35) Plaintiff filed an appeal to the United States District Court for the District of New Jersey, and the matter was assigned to former Chief Judge Jose L. Linares, U.S.D.J. (ECF No. 1.) On May 16, 2019, the matter was reassigned to the Undersigned for all further proceedings. (ECF No. 7.) Plaintiff filed her moving brief on February 14, 2020 (ECF No. 15), and the Commissioner filed opposition on February 27, 2020 (ECF No. 17).

## B. The ALJ's Decision

On September 8, 2017, the ALJ rendered a decision. (AR 45–54.) The ALJ set forth the Social Security Administration's five-step sequential process for determining whether an individual is disabled. (*Id.* at 46.) At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity ("SGA") since May 22, 2012, the alleged onset date. (*Id.* at 47.) At step two, the ALJ found that Plaintiff had the severe impairments of "degenerative disc disease status post two lumbar spine surgeries." (*Id.*) The ALJ also found that a number of conditions with which Plaintiff was diagnosed or received treatment were non-severe. (*Id.* at 47–49.) At step three, the

---

[2] The Administrative Record ("AR") is located at ECF Nos. 9-1 through 9-11. The Court will reference the relevant pages of the AR and will not reference the corresponding ECF page numbers within those files.

2

ALJ determined that none of Plaintiff's impairments, or combination of impairments, met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 49) The ALJ next found that Plaintiff possessed the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a)[,] meaning she can claimant can lift 10 pounds occasionally, lift 5 pounds frequently, stand for two hours in an 8-hour day, and sit for six hours in an 8-hour day. She has a sit/stand option every 30 minutes. She can occasionally climb stairs, stoop, balance, kneel, crouch, crawl, and climb ladders. She can tolerate occasional exposure to humidity and hazards.

(*Id.* at 49-50.)

At step four, the ALJ found Plaintiff capable of performing past relevant work as an office clerk. (*Id.* at 53.) The ALJ, consequently, found that Plaintiff had not been under a disability from May 22, 2012, through the date of the decision. (*Id.*)

## II. LEGAL STANDARD

### A. Standard of Review

On appeal from the final decision of the Commissioner of the Social Security Administration, the district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *see also* 42 U.S.C. § 1383(c)(3); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). To survive judicial review, the Commissioner's decision must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (citing

*Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Substantial evidence "may be somewhat less than a preponderance of the evidence." *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).

### B. Establishing Disability

To be eligible for entitlements under the Social Security Act, a claimant must be unable "to engage in any [SGA] by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." *See* 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A). For purposes of the statute, a claimant is disabled only if her physical or mental impairments are "of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). A physical or mental impairment is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

Social Security regulations provide a five-step evaluation procedure to determine whether an individual is disabled. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The first step considers a claimant's work activity, if any. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). To satisfy the first step, the claimant must establish that she has not engaged in any SGA since the onset of her alleged disability. *Id.* At the second step, the claimant must establish that she suffers from a severe impairment or "combination of impairments." 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant satisfies her burden, she proceeds to the third step. The third step of the evaluation procedure requires the claimant to provide evidence that her impairment is listed in Appendix 1 of

4

the regulations or is equal to a listed impairment. 20 C.F.R. §§ 404.1520(d), 416.920(a)(4)(iii). If the claimant demonstrates that she suffers from a listed impairment or that her severe impairment is equal to a listed impairment, she is presumed disabled and is automatically entitled to benefits. *Id.* If her claim falls short, the eligibility analysis proceeds to step four.

The fourth step of the analysis requires the ALJ to determine whether the claimant's RFC permits her to resume her past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(a)(4)(iv). "A claimant's RFC measures 'the most [s]he can do despite [her] limitations.'" *Zirnsak v. Colvin*, 777 F.3d 607, 611 (3d Cir. 2014) (citing 20 C.F.R. § 404.1545(a)(1)). If the ALJ determines that the claimant cannot resume her past relevant work, the burden shifts to the ALJ to show "the existence of other available work that the claimant is capable of performing." *Zirnsak*, 777 F.3d at 612 (citations omitted). The ALJ must show at step five that "given [the] claimant's age, education, and work experience, [s]he . . . can still perform specific jobs that exist in the national economy." *Podedworny v. Harris*, 745 F.2d 210, 217 (3d Cir. 1984) (citing *Rossi v. Califano*, 602 F.2d 55, 57 (3d Cir. 1979)); *see also* 20 C.F.R. § 404.1520(g).

## III. DISCUSSION

### A. The Parties' Positions

Plaintiff argues that the ALJ improperly evaluated the medical evidence, erred in finding that Plaintiff could perform sedentary work, and failed to provide an accurate portrait of Plaintiff's impairments to the vocational expert ("VE"). (Pl.'s Moving Br. 18–27, ECF No. 15.) Plaintiff argues that her "non-severe" impairments should have been found to be severe and included in her limitations and her inability to work. (*Id.* at 20.) Plaintiff also argues:

> [The ALJ] finds that [P]laintiff does not meet or equal a Listing without a discussion of the Listing. He merely makes the conclusory statement that 'claimant's severe physical impairment does not meet or equal listing 1.04 *disorders of the spine* ([AR] 49).

5

> The [ALJ's] not supplying an analysis of this finding and not considering other Listings applicable to [P]laintiff[']s conditions, i.e., 1.02 Major dysfunction of a joint(s) (due to any cause), makes it impossible for this Court to determine if the [ALJ]'s finding was supported by substantial evidence.

(*Id.* at 22.) Defendant argues that there was sufficient development of the record and explanation in the ALJ's decision as a whole to permit meaningful review. (Def.'s Opp'n Br. 20, ECF No. 17.)

### B. The ALJ Did Not Provide Sufficient Analysis for the Court to Perform a Meaningful Review

If a claimant's impairment or combination of impairments is found to be one of the listed impairments, or is found to be the medical equivalent of a listed impairment, a claimant is automatically deemed disabled at step three in the sequential evaluation process. 20 C.F.R. § 404.1520(e). In making a determination at step three, an ALJ should set forth the evidence he found persuasive, the evidence he rejected, and his reasoning. *See Cotter v. Harris*, 642 F.2d 700, 705–07 (3d Cir. 1981).

Here, the Court must remand for further analysis regarding the combined effect of Plaintiff's impairments. In the decision, the ALJ found that Plaintiff had the severe impairment of degenerative disc disease status post two lumbar spine surgeries. (AR 47.) With respect to Plaintiff's other alleged impairments, the ALJ found that: (1) although the record showed diagnoses of hypertension, cytomegalovirus, right trigger finger release on July 30, 2014, right carpal tunnel release on June 3, 2014, and rheumatoid arthritis, the impairments are not severe because there is no evidence that the impairments resulted in minimal functional limitations; (2) Plaintiff's August 16, 2016 metarsophalangeal joint fusion of the left foot is not severe because Plaintiff had not been status post fusion for twelve months or more; (3) although Plaintiff testified she had fibromyalgia and treatment notes demonstrate that Plaintiff had multiple fibromyalgia tender points and trigger points, Plaintiff did not establish fibromyalgia as a severe impairment

pursuant to SSR 12p-2; and (4) Plaintiff's medically determinable mental impairment of bipolar disorder, mixed, is non-severe because it does not cause more than minimal limitation in Plaintiff's ability to perform basic mental work activities.[3] (*Id.* at 47–49.)

While the ALJ mentioned many of Plaintiff's individual impairments, the opinion does not contain an adequate analysis of the *combined* effects of Plaintiff's impairments. In reaching the decision that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments, the ALJ simply stated, "The claimant's severe physical impairment does not meet or equal listing 1.04, *disorders of the spine*." (*Id.* at 49.) Defendant argues that there was sufficient development of the record and explanation in the decision as a whole to permit meaningful review. (Def.'s Opp'n Br. 20.) The Court disagrees. The ALJ's discussion and analysis in the subsequent portions of the decision do not sufficiently buttress the ALJ's step three findings for the Court to find that the decision was supported by substantial evidence. Here, the ALJ's decision does not contain adequate analysis upon which the Court can perform a meaningful review. As such, the Undersigned must remand for the ALJ to "fully develop the record and explain his findings at step three, including an analysis of whether and why [Plaintiff's] . . . impairments, or those impairments combined, are or are not equivalent

---

[3] The ALJ also noted that Plaintiff was diagnosed with Global Assessment of Functioning ("GAF") scores ranging from 20–50 prior to her alleged onset date. (*Id.* at 47.) In a footnote, the ALJ stated that: (1) "GAF scores ranging from 11–20 indicate some danger of hurting self or others . . . or occasionally fails to maintain minimal personal hygiene . . . or gross impairment in communication"; (2) "GAF scores ranging from 21–30 indicate behavior that is considerably influenced by delusions or hallucinations or serious impairment, in communication or judgment . . . or inability to function in almost all areas"; (3) "GAF scores ranging from 31–40 indicate some impairment in reality testing or communication . . . or major impairment in several [areas], such as work or school, family relations, judgment, thinking, or mood"; and (4) "GAF scores ranging from 41–50 indicate serious symptoms . . . or any serious impairment in social, occupational, or school functioning." (*Id.* at 47 n.1.) The ALJ stated that he found the GAF scores of limited value and provided them little weight. (*Id.*)

in severity to one of the listed impairments." *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 120 (3d Cir. 2000).

Since the Court finds that the ALJ's step three determination was not based on substantial evidence, it does not reach arguments related to subsequent steps.

## IV. CONCLUSION

For the reasons set forth above, the Court remands this matter for further proceedings consistent with this Memorandum Opinion. An appropriate Order accompanies this Memorandum Opinion.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

**Dated:** March 31, 2020